UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVEL ENERGY SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>PINE GATE RENEWABLES, LLC, et al.,<br><br>Defendants. | 20-CV-5992 (VSB)<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

On April 22, 2024, the Second Circuit issued a mandate stating that while they affirmed "the judgment of the District Court insofar as it concluded that [Plaintiff] failed to establish subject-matter jurisdiction," it "vacate[d] the judgment insofar as it dismissed the case *with prejudice*." (Doc. 64 ("Mandate") at 5.) Furthermore, the Mandate directed me to confirm whether Novel Energy Solutions, LLC ("Plaintiff" or "Novel") established complete diversity jurisdiction before reaching the merits of the case, if Novel chose to amend its complaint. (*Id.*) On November 7, 2024, Novel filed its Second Amended Complaint. (Doc. 66.) Because Plaintiff voluntarily dismissed the claims against Defendant Green Street Power Partners, GSPP Holdco, LLC, and GSPP Capital, LLC on December 16, 2024, (Docs. 74, 78), the only remaining claims in this action are against Defendant Pine Gate.

I am in receipt of Pine Gate's November 19, 2025 suggestion of bankruptcy letter, which indicates that because Pine Gate and certain affiliates commenced a chapter 11 case under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the automatic stay imposed by section 362 of the Bankruptcy Code immediately went into effect upon the

commencement of the Chapter 11 Cases. (Doc. 82.) Section 362 of the Bankruptcy Act provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a). In other words, under subsection (a), all judicial actions against a debtor seeking recovery on claims that were or could have been brought before the commencement of a bankruptcy case are automatically stayed.[1] *See* § 362(a). Once triggered by a debtor's bankruptcy petition, the automatic stay "renders judicial proceedings . . . 'void and without vitality if they occur after the automatic stay takes effect.'" *Cumulus Media New Holdings Inc. v. Nielsen Co. (US), LLC*, 182 F.4th 108, 122 (2d Cir. 2026) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994)). Accordingly, I hereby:

ORDER that the parties submit a status update as to the bankruptcy proceedings and the continued applicability of a stay under Section 362 of the Bankruptcy Act to the instant case no later than November 13, 2026.

Should the parties indicate that a stay under Section 362 of the Bankruptcy Act remains in effect, I further ORDER the parties to submit such status updates every ninety (90) days.

SO ORDERED.

---

[1] Subsection (b) of the statute enumerates specific exceptions to the automatic stay rule, none of which apply here. *See* 11 U.S.C. § 362(b).

Dated: October 27, 2026
New York, New York

Vernon S. Broderick
United States District Judge